COMMONWEALTH *vs.* DON T. BORNHOLZ. March 28, 1983. The defendant appeals from his conviction on a complaint charging larceny. The case was tried before a jury of six. (The defendant was also found guilty on two complaints charging breaking and entering, but findings of not guilty were subsequently entered on those complaints at the prosecutor's request.) Prior to trial the defendant moved to suppress certain evidence. The judge denied the motion after hearing, but made no findings. The only issue on appeal is the correctness of the denial of the defendant's motion to suppress.

We would have been greatly helped had the trial judge made findings. We cannot stress too strongly the need for appropriate findings in circumstances such as those presented here.

Notwithstanding the absence of findings, on our review of the evidence adduced at the suppression hearing, we are able to conclude that the judge did not err.

The defendant's argument completely misses the point. There was no search, either unlawful or otherwise. The locker tags and stolen money were observed by a school employee acting lawfully in his capacity as a guard of the premises (see and compare *Commonwealth* v. *Leone,* 386 Mass. 329, 334-336 [1982]), and in that capacity he seized the articles at a place to which this defendant had no proper claim to access.

Even if we were to assume that a State law enforcement official was involved here, the motion to suppress properly could have been denied for the reason, if no other, that it is clear from the evidence that the school gymnasium locker was open and that the articles seized therein were in plain view. See *Commonwealth* v. *Moynihan,* 376 Mass. 468, 472-473 (1978). "[T]he [guard] could recognize [the articles], in combination with the statements received, 'to be . . . related as proof to criminal activity of which [he was] already aware.'" *Commonwealth* v. *Meehan,* 377 Mass. 552, 560 (1979), cert. dismissed, 445 U.S. 39 (1980), quoting from *Commonwealth* v. *Bond,* 375 Mass. 201, 206 (1978). The guard certainly was "already aware" of recent criminal activity in the locker room

because immediately prior to the seizure of the articles from the locker, a student had told him that "his [the student's] wallet was just taken from his locker."

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.

*Lucia C. Scannell,* Assistant District Attorney, for the Commonwealth.